UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

JOSEPH PERCOCO, a/k/a "Herb,"
ALAIN KALOYEROS, a/k/a "Dr. K.,"
PETER GALBRAITH KELLY, JR., a/k/a "Braith,"
STEVEN AIELLO,
JOSEPH GERARDI,
LOUIS CIMINELLI,
MICHAEL LAIPPLE, and
KEVIN SCHULER,

Defendants.

No. S1 16 Cr. 776 (VEC)

### DECLARATION OF MILTON L. WILLIAMS IN SUPPORT OF DEFENDANTS JOSEPH GERARDI AND STEVEN AIELLO'S MOTION TO DISMISS FOR PROSECUTORIAL MISCONDUCT, SEVER, AND FOR A BILL OF PARTICULARS

I, MILTON WILLIAMS, pursuant to 28 U.S.C. § 1746, declare the following:

#### Introduction

1. I am a member of the bar of this Court and a partner at Walden Macht & Haran LLP ("WMH"), attorneys for Defendant Joseph Gerardi.

2. This declaration is made upon my personal knowledge and upon information I learned during my investigation of the charges set forth in the Indictment and Superseding Indictment.

3. The accompanying Notice of Motion and Memorandum of Law is jointly submitted by myself on behalf of Joseph Gerardi and Steven Aiello, who is represented by Stephen R. Coffey and Scott W. Iseman.

4. My declaration is offered in support of Defendants' Motion to dismiss for prosecutorial misconduct and preindictment prejudice, strike surplusage, sever Defendants for trial purposes, and for a Bill of Particulars.

5. The operative charging instrument as to Mr. Gerardi in this case currently is the Superseding Indictment ("S1"), which charged Mr. Gerardi in Counts One (wire fraud conspiracy), Two (wire fraud), Three (payments of bribes and gratuities), Ten (conspiracy to commit honest services wire fraud), Fourteen (payments of bribes and gratuities), and Fifteen (false statements). *See* Dkt. No. 162.

6. The Defendant intends to submit a joint Reply with Mr. Aiello to the Government's response to our various requests for relief.

7. The Defendant requests oral argument on the motions at the earliest available date and time set by the Court.

**Motion to Dismiss the Indictment for Prosecutorial Misconduct**

8. In the months prior to Defendant's September 2016 arrest, Defendant and co-Defendant Steven Aiello were served with Grand Jury subpoenas, dated April 29, 2016, to appear before the Grand Jury in the Southern District of New York. A copy of this Defendant's subpoena is attached hereto as **Exhibit A.**

9. Anthony Copani, serving as counsel for Defendant and co-Defendant Aiello at that time, was informed by an Assistant United States Attorney ("AUSA") that Defendant and Aiello were only "subjects" in an ongoing investigation.

10. Based on that representation, Defendant and co-Defendant, Steven Aiello, voluntarily agreed to appear at the Office under a Proffer Agreement on June 22, 2016. Federal investigators and prosecutors interviewed Aiello for approximately six hours and Gerardi for

between three and four hours. A few weeks after their interview, the AUSA stated to Copani that Aiello and Gerardi had been "targets" of the Government's investigation all along. Copani disputed that assertion and reminded the AUSA that she had previously stated that Aiello and Gerardi were only "subjects." An affidavit of Copani, describing these events and conversations with the AUSA, is attached hereto as **Exhibit B.**

11. On July 6, 2016, well after the June 21, 2016 proffers, Defendants Gerardi and Aiello received formal notification that they were targets in an investigation. A copy of those target letters are attached hereto as **Exhibit C.**

12. Shortly after the aforementioned proffer session and interview, Stephen Coffey, counsel on behalf of Aiello and Gerardi, met with prosecutors in the Southern District of New York, and volunteered to surrender Aiello and Gerardi should the Government seek to arrest them on an indictment or a complaint. An affidavit of Stephen Coffey, counsel and attorney of record for Steven Aiello, describing these events, is attached hereto as **Exhibit D.**

## Motion for Bill of Particulars

13. The Superseding Indictment and discovery, as provided by the Government thus far, are not sufficiently clear as to the property of which victims of the alleged bid-rigging scheme were deprived; the official act implicated in the alleged quid pro quos; the wire communications made in furtherance of the alleged frauds; the identities of the alleged co-conspirators; and the particular statements that the government intends to prove are "materially false, fictitious, and fraudulent."

14. On May 12, 2017, I participated in a telephonic meet-and-confer conducted with the Government and other defense counsel, at approximately 10:30 a.m. In addition to myself,

counsel for co-Defendants Joseph Percoco, Peter Galbraith Kelly, and Steven Aiello participated on the call, as well as attorneys for the Government.

15. During the call, defense counsel reviewed various requests for bills of particulars as related to the aforementioned insufficiencies and made specific requests for information and particularities. The Government indicated that its positions were unchanged from its early responses related to Defendant's requests for information.

**16.** An affidavit of Daniel M. Gitner, counsel and attorney of record for co-Defendant Peter Galbraith Kelly, summarizing the substance of the telephonic meet-and-confer, which is a fair and accurate summary of the conference, is attached hereto as **Exhibit E.**

## Motion for Severance

17. As the Court is aware, the Superseding Indictment includes fifteen counts charging Defendants with various crimes. Only six counts are alleged against this Defendant.

18. Count One charged the Preferred Developer Wire Fraud conspiracy as a single conspiracy and charged Defendant with Alain Kaloyeros, Steven Aiello, Louis Ciminelli, Michael Laipple, and Kevin Schuler. However, the alleged conspiracy is not a facially cognizable single conspiracy. The charging instrument attempted to charge two distinct RFP processes and two alleged bribery schemes together to unfairly join defendants in a prejudiced joint trial.

19. A chart illustrating the insufficiency of alleging a single conspiracy that would warrant trying Defendant with Kelly is attached hereto as **Exhibit F.**

20. Additionally, as the aforementioned chart illustrates, Defendant and co-Defendant Aiello are implicated in the allegations related to the Syracuse RFP Allegations, which are separate and distinct from the Buffalo RFP Allegations implicating co-Defendants Ciminelli, Laipple, and Schuler.

4

21. Tellingly, even the Superseding Indictment alleged that there were "two requests for proposals, one for Syracuse and one for Buffalo." (Ind. ¶ 23). In the Superseding Indictment, the Government failed to allege how the Syracuse RFP process was related to, or affiliated in any way, with the Buffalo RFP process. In fact, the two RFP processes allegedly occurred during different time periods.

22. Additionally, the Superseding Indictment's related substantive counts acknowledge the natural severance: it charged one alleged scheme involving Aiello and Gerardi and the Syracuse RFP in Counts Two and Three and separately charged another alleged scheme involving the Buffalo Defendants and the Buffalo RFP in Counts Four and Five. The evidence and proof of Counts Two and Three and that for Counts Four and Five will not overlap.

23. The Superseding Indictment failed to identify a viable basis for joining Count Ten, and its associated substantive counts, Count Twelve and Fourteen, related to Defendant and Aiello's alleged payments to Percoco with Count Nine, and its associated substantive counts, Counts Eleven and Thirteen, related to Kelly's alleged payments to Percoco in one charging instrument.

## Motion to Strike Surplusage

24. In the Superseding Indictment, the Government failed to allege the relevancy in its inclusion and reference to Defendant's alleged political campaign contributions, specifically referencing sizeable contributions to the Governor's reelection campaign.

25. The Superseding Indictment failed to set out a theory alleging a theory of access or favor because of political contributions.

## Motion to Dismiss for Preindictment Prejudice

26. In January 2015, during a press conference announcing the charges against Sheldon Silver, the former U.S. Attorney for the Southern District of New York (the "Office"), Preet Bharara concluded his remarks by implicating that his Office had only begun its investigation into public corruption and informed the public to "Stay tuned." An article reporting on said press conference and quoting Bharara, is attached hereto as **Exhibit G.**

27. Additionally, on December 10, 2015, following Silver's conviction, Bharara tweeted, from his official account @USAttyBharara, "Stay tuned." An image of this Tweet is attached hereto as **Exhibit H.**

28. On September 22, 2016, Bharara's Office filed a criminal complaint against Defendants in this case. The allegations in the complaint went well beyond the essential facts to charge Defendants and provided excessive and prejudicial detail about the allegations. The criminal complaint in *United States v. Percoco, et al*, 16-MAG-6005, is attached hereto as **Exhibit I.**

29. At a press conference on September 22, 2016, Bharara used demonstrative aides and charts to make detailed and fact-specific statements about each Defendants' respective culpability. A copy of a chart used and entitled "Alleged Percoco Bribery Scheme" is attached hereto as **Exhibit J.**

30. Additionally, Bharara stated "[i]n essence today's complaint shines a light on yet another sordid side of a show me the money culture that has so plagued government in Albany. It turns out that the state legislature does not have any kind of monopoly on crass corruption in New York." An unofficial transcript of Bharara's address at the aforementioned press conference is attached hereto as **Exhibit K.**

31. On the day of Defendants' arrest, an article from Syracuse.com received 167 comments regarding the allegations against Gerardi, Aiello, and co-Defendants. A copy of the article and responding comments is attached hereto as **Exhibit L.**

32. Following the Defendant's arrest, numerous news media sources ran stories related to the arrest of Defendant and co-Defendants. A non-exhaustive list of these stories is attached hereto as **Exhibit M.**

33. On October 6, 2016, Bharara spoke at College of St. Rose in Albany, New York, at a panel entitled "Bribery or Just Access to Elected Officials: Tawdry Tales of Ferraris, Rolexes, and Ball Gowns." An article in Capital Confidential related to the address is attached hereto as **Exhibit N.**

34. On October 10, 2016, Bharara gave a televised interview on *New York Now*, where he addressed his office's investigation and prosecution of Defendants. In response for his approach to prosecution of corruption, Bharara stated the following:

> I mean I think they understand how government works here and they understand what normal politics is. I mean people should remember we're not trying to criminalize ordinary politics we're trying to punish and hold accountable people who have violated their oath in a direct and concrete way and in an offensive way that violates the federal criminal statutes and so I think what happens is when you have a widespread problem like I think we have and prosecutors who have learned over time with experience both with their own investigators and with the FBI and other law enforcement agencies I think you have a -- you have an intersection of two things. You have - you have great prosecutors and great work being done by folks in my office and our partners but also there's - there's stuff in the barrel to be shooting at and that's what they're doing.

A transcript of the interview is attached hereto as **Exhibit O.**

35. In *Ganek v. Leibowitz, et al,* 1:15-cv-01446, Plaintiff sued various federal officials, including Bharara, for violating his civil rights, by, among other things, prosecuting Plaintiff in the media without ever bringing a criminal charge against him and using false information to obtain

7

search warrants. A copy of the Complaint filed in the aforementioned case is attached hereto as **Exhibit P.**

## Leave to File Further Motions

36. A grand jury in this district returned the Superseding Indictment, which includes the relevant charges against Defendant.

37. Defendant seeks leave to file further motions in this case. Defendant may need further time to consider additional motions to the extent that the Government continues to supply discovery material, as required by Fed. R. Crim. P. 16 and any additional information or particularities received pursuant to Defendant's Motion for a Bill of Particulars, which is before this Court.

## Leave to Join Motions of Co-Defendants

38. To avoid duplicative proceedings, Defendant seeks leave to join in the motions of co-Defendants to the extent that they are applicable to him.

I swear under penalty of perjury that the foregoing is true and correct.


Dated: New York, New York
       May 19, 2017

WALDEN MACHT & HARAN LLP

By _____
Milton L. Williams
One Battery Park Plaza, 34th Floor
New York, NY 10004
(212) 335-2041

*Attorneys for Joseph Gerardi*