

EDWARD J. O'CONNELL
 1925-1939
SAMUEL E. ARONOWITZ
 1925-1973
LEWIS A. ARONOWITZ
 1951-1979

———————————

CORNELIUS D. MURRAY
FRED B. WANDER
STEPHEN R. COFFEY
JEFFREY J. SHERRIN
THOMAS J. DiNOVO
PAMELA A. NICHOLS
JEFFREY A. SIEGEL
JAMI DURANTE ROGOWSKI
DAVID R. ROSS
KURT E. BRATTEN
MICHAEL P. McDERMOTT
KELLY J. MIKULLITZ
WILLIAM F. BERGLUND
ROBERT J. KOSHGARIAN
MATTHEW J. DORSEY
GEORGE R. SLINGERLAND
F. MATTHEW JACKSON
SCOTT W. ISEMAN
BRITTNAY M. McMAHON

———————————

OF COUNSEL

RICHARD S. HARROW
MEREDITH H. SAVITT
PAUL A. FEIGENBAUM
KEITH J. ROLAND
ARTHUR A. PASQUARIELLO
FLORENCE M. RICHARDSON
CRISTINA D. COMMISSO
GRAIG F. ZAPPIA

———————————

ELIZABETH A. CONNOLLY
CHAD A. JEROME
DANIELLE E. HOLLEY
KATHLEEN EVERS BROWN
MARY T. CONNOLLY
COURTNEY L. ALPERT
KELLAN B. POTTS

HOLLY E. VEGAS*
(DIRECTOR, HEALTHCARE
CONSULTING GROUP)

*NOT A MEMBER OF THE
LEGAL PRACTICE

May 29, 2018

**VIA ECF**
Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re: *United States v. Kaloyeros, et al.,* **S2 16 Cr. 776 (VEC)**

Dear Judge Caproni:

    We represent Steven Aiello in the above matter and write in response to the Government's motion to preclude the expert testimony of Ruth Walters. The Government does not challenge Ms. Walters's qualifications and they do not seriously challenge the reliability of her opinions. Rather, the Government simply argues that her proposed testimony is (1) not relevant and (2) invades the province of the jury. As described below, we disagree and the Government's motion should be denied.

    The Government first argues that Ms. Walter's testimony is irrelevant because none of the proffered testimony is "tethered to Fort Schuyler's particular RFP process." *See* Doc. No. 668 at 4. The Government's argument wrongly ignores the context in which the Syracuse Defendants made decisions and acted. Put another way, the Government does not want the jury to hear that the evidence it claims is indicative of fraudulent intent is nothing more than commonplace in the private procurement process. For example, Ms. Walters will testify that potential bidders are not precluded from receiving, reviewing or providing feedback on a draft of prospective RFP. This will directly counter the Government's claim the contact between Fort Schuyler and the Syracuse Defendants prior to the issuance of the RFP is evidence of fraudulent intent. Such evidence is relevant to understanding whether the Syracuse Defendants' conduct before the release of the RFP is consistent with a normal procurement process rather than some criminal scheme.

    Additionally, the Government's relevancy analysis is myopically focused on what the "impression" of Fort Schuyler's Board was regarding the procurement process. The Government forgets that the Syracuse Defendants' impressions about that

same process (i.e.: what they understood that process to be and the rules and regulations or lack thereof, that governed that process) are equally relevant for the jury to understand what the Syracuse Defendants' state of mind and intent was at the time they took certain actions. Ms. Walters' testimony is relevant not only for placing that conduct into context but also by refuting the Government's totally unsubstantiated argument that pre-RFP contact with a potential bidder is evidence of a fraud.

The Government likewise claims that Ms. Walters' opinions that Fort Schuyler is not a state agency is irrelevant because the issue is whether the Syracuse Defendants conspired to defraud Fort Schuyler's Board.[1] On the contrary, Fort Schuyler's status as a *private* entity with no published procurement rules or regulations that is not bound by a host of state-mandated procurement laws and regulations is evidence of the Syracuse Defendant's state of mind and intent when they engaged in the RFP process with Fort Schuyler. The Government cannot be permitted to give the jury a one-sided "impression" of what an RFP process can include when other impressions are relevant to understanding critical players' conduct and actions.

In the same vein the Government claims that Ms. Walters' opinion that the feedback provided by Mr. Gerardi on the draft RFP did not have an effect of the competitive process are not relevant because "it is irrelevant whether the alleged tailoring of the Syracuse RFP actually resulted in limiting competition…it makes no difference whether the defendants were actually successful in limiting competition." *See* Doc. No. 668 at 5. In actuality, it does matter since the Government must prove beyond a reasonable doubt that the Syracuse Defendants deceived Fort Schuyler with the intent to cause Fort Schuyler tangible economic harm. To do so, the Government will point to feedback Mr. Gerardi provided on a draft RFP as evidence that the Syracuse Defendants intended to rig the RFP in their favor. Expert testimony that the very "tailoring" the Government relies on to prove intent to reduce competition, actually does not have that effect, undermines the Government's argument.

Lastly, the Government argues that Ms. Walters' testimony is irrelevant because the "jury does not need the help of an expert to determine whether Fort Schuyler's Board was deceived." The Government extends this argument by adding that such testimony invades the province of the jury. *See* Doc. No. 668 at 6. Ms. Walters is not offering opinions about whether Fort Schuyler was defrauded, injured or whether the Syracuse Defendants intended to defraud and injure Fort Schuyler. Ms. Walters is not going to opine on anyone's intent. Ms. Walter's testimony is relevant and proper because it gives the jury context and information about the procurement process that is contrary to the Government's theory that will allow the jury to make a better decision about whether the Syracuse Defendants committed the charged conspiracy and wire fraud. Such evidence is the hallmark of relevancy.

---

[1] The Government's argument here is legally wrong. As our many pretrial motions and letters have made clear, the Government's "right to control" wire fraud theory requires *more* than deception.

Page 3                                                                                                                May 29, 2018

     For these reasons and those stated by our co-defendants, we respectfully request that the Court deny the Government's motion to preclude Ms. Walter's testimony. In the alternative, the Court should hold a hearing to determine the admissibility of Ms. Walter's testimony.

     Thank you for your attention to this matter.

                                     Very truly yours,

                                     O'CONNELL AND ARONOWITZ

                                   By:    */S/ Stephen R. Coffey*

                                         Stephen R. Coffey
                                         Scott W. Iseman

cc:     All parties via ECF