*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 11, 2018

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Kaloyeros, et al.*, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

      The Government respectfully writes in opposition to defendant Steven Aiello's motion to dismiss the charges against him for failure to state venue. (Dkt. No. 718 ("Aiello Mot.").) The Court previously denied an almost-identical motion by the Buffalo Defendants, and that same result should apply here. The Government also writes in response to defendant Alain Kaloyeros's letter regarding his intention to introduce extrinsic evidence under Federal Rule of Evidence 806 to impeach Todd Howe's out-of-court statements. (Dkt. No. 715 ("Kaloyeros Ltr.").) As explained below, the Government opposes the admission of certain evidence identified by Kaloyeros.

**I. Aiello's Motion to Dismiss on Venue Grounds**

      Aiello moves to dismiss the charges against him on the ground that the Indictment does not sufficiently allege venue in the Southern District of New York. Even though Aiello acknowledges that the Indictment both alleges in each count that the conduct occurred in this District and elsewhere, and also contains specific allegations describing email and telephone communications that reached into this District, he nonetheless argues that the Indictment is deficient because none of the "proscribed conduct" occurred in this District. (Aiello Mot. 2-3.)

      The Court has already resolved this issue against the defendants. The Buffalo Defendants made virtually the same argument in their pretrial motion to dismiss on venue grounds, and this Court denied that motion. Like Aiello, "[t]he Buffalo Defendants argue[d] that the emails and calls with individuals in Manhattan alleged in the Indictment are remote, tangential, and preparatory relative to the crimes alleged, and thus insufficient to support venue in the Southern District of New York." (*See* Court Order dated Dec. 11, 2017, at 29 (Dkt. No. 390).) The Court rejected that argument because "[e]xchanging emails and placing telephone calls in furtherance of the crime with someone located in the district where the crime is charged is sufficient to establish venue for wire fraud." (*Id.* at 30-31 (citing *United States v. Kim*, 246 F.3d 186, 191–92 (2d Cir.

2001)).)  The same allegations are contained in the operative Indictment.  (*See* S2 Indictment ¶ 26.)  Accordingly, Aiello's motion to dismiss on venue grounds should be denied.

**II. Kaloyeros's Rule 806 Letter**

At the outset, it is not at all clear in this Circuit that Rule 806 abrogates Rule 608(b)'s prohibition on the use of extrinsic evidence to prove specific instances of untruthfulness.  To support his position that he should be permitted to introduce extrinsic evidence to attack Todd Howe's credibility, Kaloyeros relies on dictum contained in a footnote of *United States v. Friedman*, where the Second Circuit "suggested" that "'resort to extrinsic evidence may be the only means of presenting such evidence to the jury'" when the declarant does not testify.  *United States v. Uvino*, 590 F. Supp. 2d 372, 374 (E.D.N.Y. 2008) (quoting *Friedman*, 854 F.2d 535, 570 n.8 (2d Cir. 1988)).  Relying on that footnote, the Honorable Jack Weinstein of the Eastern District of New York admitted certain statements contained in FBI 302 reports that could be used to attack the credibility of two declarants.[1]  *Id.* at 374-75.  But in *Friedman* itself, the Second Circuit did not hold that extrinsic evidence is permitted under Rule 806.  Instead, the Court of Appeals ruled that the district court did not abuse its discretion in precluding Rule 806 extrinsic impeachment evidence related to an incident in which the out-of-court declarant lied to police.  854 F.2d at 570.

What is more, the dictum in *Friedman* was implicitly undermined by a Second Circuit case decided approximately 12 years later.  In *United States v. Moskowitz*, the Court of Appeals affirmed the district court's decision not to permit the defendant to elicit testimony to impeach an out-of-court declarant whose plea allocution had been read into the record.  215 F.3d 265, 270 (2d Cir. 2000), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004).  The Second Circuit explained that "Rule 806 renders Rule 608's impeachment rules applicable to a declarant's out-of-court statements," and then, without addressing *Friedman*, quoted language from Rule 608, including the following: "'[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, . . . *may not be proved by extrinsic evidence*.'"  *Id.* (quoting Fed. R. Evid. 608) (emphasis added).  Given the conflicting statements in *Friedman* and *Moskowitz*, it is far from clear in this Circuit that extrinsic evidence is admissible for Rule 806 impeachment.  Meanwhile, other circuits have expressly held that Rule 806 does not modify Rule 608's ban on the use of extrinsic impeachment evidence.  *See, e.g.*, *United States v. White*, 116 F.3d 903, 920 (D.C. Cir. 1997); *United States v. Saada*, 212 F.3d 210, 221 (3d Cir. 2000) ("We agree with the approach taken by the court in *White*, and conclude that Rule 806 does not modify Rule 608(b)'s ban on extrinsic evidence of prior bad acts in the context of hearsay

---

[1] In *United States v. Delvi*, 275 F. Supp. 2d 412, 417 (S.D.N.Y. 2003), the Honorable Shira Scheindlin, formerly of this District, admitted under Rule 806 evidence of the declarant's prior conviction, use of drugs before making a statement to police, and inability to identify a defendant in a photo array.   However, the opinion and order does not indicate whether those facts could be proven through questioning of witnesses, as opposed to extrinsic evidence.  *Id.*  A bankruptcy judge in this District also admitted certain extrinsic evidence under Rule 806 in reliance on the footnote in *Friedman*.  *In re Alder, Coleman Clearing Corp.*, No. 95 Br. 8203 (JLG), 1998 WL 160036, at *12 (Bankr. S.D.N.Y. Apr. 3, 1998).  That opinion, however, was issued about two years before *Moskowitz*, discussed *infra*.

declarants, even when those declarants are unavailable to testify. We perceive our holding to be dictated by the plain—albeit imperfectly meshed—language of Rules 806 and 608(b).").

Even if extrinsic impeachment evidence is permitted under Rule 806, there is no doubt that the Court has "broad discretion" to determine the admissibility such evidence because "Rule 806 does not set forth a test of probative value." *Friedman*, 854 F.2d at 570 (internal quotation marks omitted). "Specific issues of whether a declarant's past conduct may actually cast doubt on the credibility of his statements must be determined by comparing the circumstances of the past conduct with those surrounding the hearsay statements admitted into evidence." *Id.* (internal quotation marks, citation, and alteration omitted). Impeachment evidence that has "no conceivable bearing upon the credibility of [the declarant's] statements . . . in furtherance of the conspiracy" is properly precluded. *Id.* The Second Circuit has recognized that "[s]uch assessments, like determinations of relevance and rulings as to the proper scope of cross-examination, must be left to the broad discretion of the trial judge." *Id.* (internal quotation marks omitted).

Kaloyeros seeks to admit Rule 806 impeachment evidence that falls broadly into four categories: (1) Todd Howe's prior felony convictions and unspecified evidence of the circumstances of those convictions, (2) unspecified portions of Howe's testimony from the January trial, (3) evidence of Howe's alteration of emails, and (4) evidence related to Howe's cooperation agreement. We address each category in turn.

*First*, the Government agrees that evidence of Howe's prior convictions is admissible pursuant to Rule 609(a). Kaloyeros should be permitted to offer the "essential facts" of the convictions, "including the statutory name of each offense, the date of conviction, and the sentence imposed." *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005). In addition, it may be that some amount of information to provide context—for instance, to explain that several of Howe's convictions were related to his participation in the conspiracy at issue in this trial—should be permitted in evidence. Kaloyeros, however, does not describe what information he will seek to admit about the circumstances of the convictions. (*See* Kaloyeros Ltr. 4-5.) The Government respectfully submits that the Court should require Kaloyeros to provide a detailed description of the information that he intends to offer along with Howe's convictions.

*Second*, the Government objects to Kaloyeros's assertion that Howe's testimony in the January trial may be admitted pursuant to Rules 804(b)(1) (former testimony of unavailable witness) and 806. As an initial matter, Kaloyeros has not established that Howe is unavailable, as required under Rule 804(a)-(b). Kaloyeros argues that Howe would invoke the Fifth Amendment if called by the defense to testify, but Kaloyeros does not actually proffer a factual basis to believe that Howe would refuse to answer any questions put to him. Kaloyeros's speculation is not sufficient to trigger Rule 804(b)(1). *See United States v. Chai*, No. 13 Cr. 290 (PAC), 2015 WL 293995, at *3 (S.D.N.Y. Jan. 22, 2015) ("[T]he contention that [the affiant] 'would have asserted his Fifth Amendment privilege if compelled to testify is too speculative' because 'an affiant is only unavailable when he has actually invoked the Fifth Amendment privilege.'" (quoting *Colucci v. Beth Israel Med. Ctr.*, 531 Fed. Appx. 118, 121 (2d Cir. 2013))). Even assuming *arguendo* that Rule 804(b)(1) applies, Kaloyeros has not provided enough information to determine whether the testimony that he wants to admit is either relevant or non-cumulative. The vast majority of Howe's testimony concerned the Percoco bribery scheme and thus is not relevant to this trial. To the extent that Kaloyeros seeks to introduce portions that focused on impeaching Howe, he should be

required to identify the specific sections. The entirety of Howe's impeachment testimony should not be admitted into evidence because it would be cumulative, time-consuming, and likely to confuse the jury.

*Third*, the Government agrees that Kaloyeros should be permitted to offer any evidence of Howe altering emails that are relevant to the charged conspiracy. However, Kaloyeros should be barred from offering into evidence altered emails that have nothing to do with the facts in dispute in this case. In the January trial, the Court did not admit emails on collateral matters where Howe admitted the alterations. (*See, e.g.*, Jan. Trial Tr. 2824 (THE COURT: "I think there he's essentially admitted that alteration. He admitted kind of what it accomplished, and I think it's collateral, therefore is a waste of time, and therefore is precluded, if for no other reason under 403.").) Here, again, the admission of altered emails having nothing to do with the trial would only confuse the jury and waste its time. Such e-mails would also constitute extrinsic evidence, the admission of which should be precluded under the majority of the case law described above.

Confusion, however, appears to be Kaloyeros's goal. He argues that he should be allowed to introduce altered emails of all kinds "to ensure that the jury knows that portions of emails purporting to have been written by Dr. Kaloyeros or other key witnesses *may, in fact,* have been written by Mr. Howe." (*See* Kaloyeros Ltr. 7-8 (emphasis added).) In other words, Kaloyeros hopes to create the misimpression that any and all of Howe's emails are potentially altered. There is no basis in fact for such a proposition. Kaloyeros should not be allowed to argue or suggest that all of Howe's might contain alterations because such an argument invites speculation and is unfairly prejudicial. *See, e.g.*, *United States v. Zayac*, 765 F.3d 112, 118 (2d Cir. 2014) (The risk of unfair prejudice outweighs the probative value of evidence when there is a "high risk that the jury would engage in speculation" in assessing that evidence "rather than reasoned deduction from the evidence.").

*Fourth*, the Government objects to any attempt by Kaloyeros to offer evidence related to Howe's cooperation agreement or his actions after he decided to start proffering with the Government. The offense conduct at issue in this trial had ended by the time Howe met with the Government for the first time in June 2016. Unlike the *Percoco* trial, any statements of Howe admitted at this trial would be co-conspirator statements, not cooperator statements. Thus, Howe's post-June 2016 actions as a cooperator have very little probative value with respect to the truthfulness of the statements he made to the defendants—or even his general credibility—during the pendency of their criminal conspiracy from 2013 through 2015.

If Howe were to testify, the fact of his cooperation would be evidence of potential bias and could be used to undermine his in-court testimony. Here, because the Government will not be calling Howe, his cooperation has no relevance to the truthfulness of his past statements. *See United States v. Basciano*, No. 03 Cr. 929 (NGG), 2007 WL 1791221, at *4 (E.D.N.Y. June 19, 2007) ("[I]f the Government does not admit any statement made by [the out-of-court cooperator] on or after the date on which he first expressed an interest in cooperating with the Government, then the fact of [the out-of-court cooperator's] cooperation would have no impeachment value whatsoever and, as a result, Rule 806 would not provide a basis for admitting the fact of [the out-of-court cooperator's] cooperation."). Nor, even were the evidence properly admitted under Rule 806, does the defense need evidence of Howe's cooperation to sufficiently impeach him. The defense will have plenty of means to impeach Howe, including with evidence of his criminal

convictions and the aforementioned altered e-mails, among other material. Evidence of Howe's cooperation would be cumulative, and would only serve to distract and confuse the jury.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

by: _____/s/_____
        Robert Boone
        David Zhou
        Matthew Podolsky
        Assistant United States Attorneys
        (212) 637-2208/2438/1947

cc:    Counsel for all defendants (via ECF)