500 Fifth Avenue, 40th Floor
New York, NY 10110
tel: 212-257-4880
fax: 212-202-6417

www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

December 20, 2018

**BY ECF**

The Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States v. Joseph Percoco, et al.*, No. S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

      On behalf of Defendant Steven Aiello, I respectfully submit this reply to the government's December 14, 2018 letter opposing bail pending appeal ("Dec. 14 Ltr."). As the Court is aware, Mr. Aiello will raise at least two substantial questions on appeal of his honest services fraud conspiracy conviction, both of which implicate the Supreme Court's decision in *McDonnell v. United States*, 136 S. Ct. 2355 (2016). First, does *McDonnell* foreclose the government's "as opportunities arise" or "stream of benefits" theory? And second, does *McDonnell* preclude a public-sector honest services fraud conspiracy based on an agreement for a private citizen's "official acts"?

      As explained during the oral argument at sentencing and discussed in co-defendant Joseph Percoco's briefs, these are both "substantial questions of law" within the meaning of 18 U.S.C. § 3143(b). (*See* Transcript at 38-40; Dkt. 884 at 3-13; Dkt. 898 at 1-7). As a preliminary matter, the government's contention that *McDonnell* "concerns only" 18 U.S.C. §201 (Dec. 14 Ltr. at 4) is incorrect. *See United States v. Silver*, 864 F.3d 102, 118 (2d Cir. 2017) (applying *McDonnell* to honest services fraud and Hobbs Act offenses). In fact, the *McDonnell* Court "avoid[ed] the vagueness concerns" with the honest services statute by strictly construing the "official act" requirement. 136 S. Ct. at 2375. And *McDonnell*'s holdings—*inter alia*, defining "official act" as involving a "formal exercise of governmental power" and mandating that juries identify the "question" or "matter" that was the subject of the *quid pro quo*, *id.* at 2372, 2374—are in considerable tension with the private-citizen and "as opportunities arise" theories. We understand that this Court has already considered and rejected these arguments, but we respectfully submit that, at a minimum, they raise questions of "substance" that are "close" or "very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985). Moreover, the Second Circuit has not yet addressed either question so, by definition, both

Hon. Valerie E. Caproni
December 20, 2018                                                                                                                  Page 2

are "novel," have "not been decided by controlling precedent," and are thus "substantial" under the bail statute. *Id.*

The only point the government has added to its prior briefing is the puzzling assertion that "the fact that the Second Circuit has not ruled on these issues post-*McDonnell* does not suggest that they are 'novel' issues, it suggests the opposite." (Dec. 14 Ltr. at 4). This claim is mystifying given that the issues have not yet been presented to the Circuit, presumably because *McDonnell* was decided only two years ago. More importantly, however, the government's position appears to be squarely at odds with the Second Circuit's own view, at least as to the "as opportunities arise" issue. The first Second Circuit appeal presenting the question whether the "as opportunities arise" theory survives *McDonnell* is *United States v. Silver*, and, as the Court is aware, the Second Circuit recently granted bail pending appeal in that case. Order, No. 18-2380, ECF 51 (Oct. 3, 2018). Moreover, it is evident from the discussion at oral argument on that bail motion that the Court of Appeals considered the issue "important," and the government conceded as much. (*See* Dkt. 898-1 at 42-45). The government apparently has no persuasive response to the *Silver* order, and so has opted to ignore it altogether.

It bears emphasis that the Second Circuit routinely grants bail in white collar cases where there is no conceivable flight risk and the appeals involve issues of first impression. The Circuit has not hesitated to do so even where the government and the district court believed a prior Second Circuit decision foreclosed the defendant's argument. For instance, the Circuit recently granted bail in an appeal raising a novel application of the misappropriation theory of wire fraud, despite the government's arguments that its theory was supported by language in controlling precedents. Order, *United States v. Johnson*, No. 18-1503, ECF No. 47 (2d Cir. June 19, 2018); *see also*, *e.g.*, Order at 1, *United States v. Newman*, No. 13-1837, ECF No. 97 (2d Cir. June 21, 2013) (granting bail despite arguments that prior Second Circuit decision foreclosed defendants' arguments that "knowledge of personal benefit" is an element of insider trading by remote tippees). Although these orders are non-precedential, they reflect a general approach that bail should be granted where the appeal presents a legal issue that the Circuit has not directly addressed in a prior case.

Finally, the government does not appear to dispute that if Mr. Aiello were to prevail on either issue, he would likely obtain a reversal or a new trial on the honest services fraud conspiracy count.[1] Accordingly, given this Court's prior findings that there is a substantial question as to the validity of the convictions on the Fort Schuyler counts, bail is "mandatory." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004).

                                                                                                               Respectfully submitted,

                                                                                                               /s/ Alexandra A.E. Shapiro

                                                                                                               Alexandra A.E. Shapiro

cc:     All Counsel of Record (via ECF)

---

[1] Unlike Mr. Percoco, here there is only one count of conviction pertaining to one alleged scheme from the first trial. Thus, even if the Court were to determine that Mr. Percoco had not met his burden with respect to Counts 9 and 11, Mr. Aiello would nevertheless be entitled to bail pending appeal.